UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 8058

METROPOLITAN FINE ARTS & ANTIQUES INC.,

14 cv. _____

Plaintiff,

-against-

COMPLAINT

ROBERT PLUMLEIGH, individually and as Successor in interest to ELIZABETH ANNE PLUMLEIGH,

**JURY TRIAL DEMANDED**

Defendant.

Plaintiff Metropolitan Fine Arts & Antiques Inc., by and through its undersigned counsel, Wachtel Missry LLP, as and for its complaint against defendant Robert Plumleigh, alleges the following:

## PARTIES

1.  Plaintiff Metropolitan Fine Arts & Antiques Inc. ("plaintiff") is a corporation organized under the laws of New York with a principal place of business at 10 West 57th Street, New York, New York 10019.

2.  Upon information and belief, defendant Robert Plumleigh ("defendant") is an individual domiciled in Orange County, California and is the successor in interest to Elizabeth Anne Plumleigh and the primary beneficiary of the Estate of Elizabeth Anne Plumleigh. Upon information and belief, Elizabeth Ann Plumleigh was, at the time of her death, domiciled in Orange County, California.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) and § 1332(c)(2), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

1

4. This Court has personal jurisdiction over the defendant pursuant to section 302(a)(2) of the New York Civil Practice Law and Rules, because this action arises out of defendant's transaction of business in the State of New York.

5. Venue is proper in this district because a substantial part of the events in question occurred in this district, including the purchase of the merchandise at issue in this action.

## STATEMENT OF FACTS

6. Plaintiff operates a fine art and jewelry store in the City, County and State of New York.

7. Defendant and his late wife, Elizabeth Anne Plumleigh (collectively, the "Plumleighs"), purchased jewelry and fine art (the "Merchandise") from plaintiff from 2010 through 2013. Most of these purchases were made face-to-face at plaintiff's place of business in New York, New York.

8. The terms and conditions for each purchase by the Plumleighs included the following terms: (i) that the Plumleighs had inspected and approved each item for purchase; (ii) that the items were sold as is; and (iii) if any action is filed in connection with the purchases, plaintiff is entitled to recover its reasonable attorneys' fees.

9. In connection with many of those purchases, at the Plumleighs' request, plaintiff extended the Plumleighs credit and the Plumleighs agreed to pay the balance over time.

10. On a monthly basis, plaintiff would prepare, and Plumleigh would sign, a letter indicating the payments to be made and balance owed.

11. The last items the Plumleighs purchased were a tanzanite and diamond necklace, a tanzanite and diamond ring and emerald and diamond cufflinks purchased on December 2013 for $100,000 for which they made a $15,000 deposit and agreed to pay another $85,000.

12. Elizabeth Anne Plumleigh died in early 2014. Upon information and belief, defendant is her successor in interest and the primary beneficiary of her estate.

13. Subsequent to his wife's passing, and when he no longer had use for much of the jewelry that was purchased, defendant refused to make further payments.

14. There is a balance due and owing plaintiff of $624,000.

15. Despite due demand, defendant has refused to pay the balance owed.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

16. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

17. The Plumleighs agreed to pay Metropolitan $624,000 for the Merchandise.

18. Plaintiff has performed all of its obligations to the Plumleighs.

19. Defendant has failed to pay the balance owed.

20. As a result of defendant's breach of contract, plaintiff is entitled to recover $624,000, plus interest and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
(Goods Sold and Delivered)

21. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

22. The Plumleighs agreed to pay for the Merchandise at an established and agreed upon price.

23. The Plumleighs accepted and received the Merchandise without objection.

24. Defendant has failed to pay the agreed upon price for the Merchandise.

25. Plaintiff is entitled to recover $624,000, plus interest and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

26. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

27. Upon information and belief, the Plumleighs enjoyed the use, benefit and value of the Merchandise without paying for it.

28. In failing to pay for the Merchandise that he agreed to purchase from plaintiff, defendant has been unjustly enriched.

29. The reasonable value of the Merchandise is not less than $624,000.

30. Plaintiff is entitled to recover $624,000, plus interest and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Account Stated)

31. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

32. Plaintiff provided the Plumleighs with a monthly statement of the balance owed by the Plumleighs, which were acknowledged and agreed to by the Plumleighs.

33. The Plumleighs failed to timely object to the statements presented to them by plaintiff.

34. An account was duly stated between plaintiff and defendant.

35. There remains a balance due and owing plaintiff of $624,000, no part of which has been paid by defendant.

36. Plaintiff is entitled to recover $624,000, plus interest and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (i) awarding plaintiff damages of $624,000 plus interest and attorney's fees; and

(ii) granting such other and further relief as may be just, proper and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
October 6, 2014

**WACHTEL MISSRY LLP**

By: _____
John H. Reichman
David Yeger
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
(212) 371-0320 (fax)
reichman@wmllp.com
dyeger@wmllp.com
*Attorneys for Plaintiff*